USCA1 Opinion

 

[NOT FOR PUBLICATION--NOT TO BE CITED AS PRECEDENT]United States Court of AppealsFor the First Circuit No. 98-1671 JOHN CANTY, Plaintiff, Appellant, v. JANIS M. LARHETTE, ETC., ET AL., Defendants, Appellees. APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF NEW HAMPSHIRE [Hon. Steven J. McAuliffe, U.S. District Judge] Before Stahl, Circuit Judge,Coffin, Senior Circuit Judge,and Lipez, Circuit Judge. John Canty on brief pro se. Philip T. McLaughlin, Attorney General, and Daniel J. Mullen, Senior Assistant Attorney General, on brief for appellees Janis Larhette and Howard Zibel. James B. Kazan and Normand & Shaughnessy, P.A. on brief for appellees L. David Vincola and N.L. Vincola.February 25, 1999  Per Curiam. Having carefully reviewed the record in this case, including the briefs of the parties, we affirm the dismissal of appellant's claims, although for reasons somewhat different from those relied upon below. First, we find all of Canty's claims for damage relief to be barred by the doctrine of Rooker-Feldman. Each of these claims is predicated on an alleged injury which arises out of Canty's eviction. Since that eviction was upheld by the judgment of the state court, Canty's "federal claim [for damage relief] succeeds only to the extent that the state court wrongly decided the issue before it and hence is "inextricably intertwined" with the state court judgment. Pennzoil Co. v. Texaco, Inc., 481 U.S. 1, 25 (Marshall, J., concurring); see, e.g., Garry v. Geils, 82 F.3d 1362, 1367 (7th Cir. 1996) ("defendant who has lost in state court and sues in federal court . . . asserts injury at the hands of the court and . . . suit therefore is an effort to obtain collateral review"); Homola v. McNamara, 59 F.3d 647, 651 (7th Cir. 1995) (suit against deputy for enforcing court order is "just a way to contest the order itself" and thus barred by Rooker-Feldman).  Arguably, Canty is correct in his contention that his claims for declaratory and injunctive relief are general constitutional challenges to a state statute and hence not barred by the Rooker-Feldman doctrine. See Schneider v. Colegio de Abogodos de Puerto Rico, 917 F.2d 620, 628 (1st Cir. 1990) (Rooker-Feldman does not bar facial challenges to state statutes). Nevertheless, absent an allegation of injury from the eviction--allegations as we have just indicated which are barred by the Rooker-Feldman doctrine--Canty fails to show the concrete injury necessary to establish his standing to seek injunctive or declaratory relief. See Berner v. Delahanty, 129 F.3d 20, 24 (1st Cir. 1997) (party seeking solely injunctive or declaratory relief only has standing to pursue his claim if he can show, inter alia, invasion of legally protected concrete interest), cert. denied, 118 S. Ct. 1305 (1998); see alsoLanders Seed Co., Inc. v. Champaign Nat. Bank, 15 F.3d 729, 732 (7th Cir.) (absent claim for damages, plaintiff lacks standing to sue for declaratory and injunctive relief; however, pursuing damages essentially asks court to invalidate state court judgment and hence is barred by Rooker-Feldman), cert. denied, 513 U.S. 811 (1994). Finally, even if we assume arguendo that Canty was able to reserve his federal claims in state court under the doctrine of England v. Louisiana State Bd. of Medical Examiners, 375 U.S. 411 (1964), we nonetheless find, essentially for the reasons given by the court in Szoke v. Carter, 974 F. Supp. 360, 366 (S.D.N.Y. 1997), that the Englandreservation does not overcome a Rooker-Feldman jurisdictional bar in this case. Affirmed. See 1st Cir. Loc. R. 27.1.